IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| RICKIE LEANN WYRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-5055-CV-SW-ODS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security. | ) | |
| | ) | |

# ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION AND REMANDING FOR RECONSIDERATION

Pending is Plaintiff's request for review of the final decision of the Commissioner of Social Security denying her applications for disability benefits and supplemental security income benefits. The Commissioner's decision is reversed, and the case is remanded for reconsideration.

In rejecting Plaintiff's claim, the ALJ found Plaintiff retained the residual functional capacity to lift or carry twenty pounds occasionally and ten pounds frequently, stand or walk six hours a day, sit for at least six hours a day, and needed to avoid repetitive tasks with her hands (such as use of keyboards). R. at 32. The ALJ explained this finding was derived from "the residual functional capacity conclusions reached by the physicians employed by the State Disability Determination Services" and those conclusions were "also consistent with the medical evidence of record." The ALJ also stated that while the state physicians "were non-examining, and therefore their opinions do not as a general matter deserve much weight as those of examining or treating physicians, those opinions do deserve some weight . . . ." R. at 37.

The problem is that the RFC conclusions the ALJ described were not offered by doctors; they were authored by a non-medical consultant. This point was raised during the administrative hearing and acknowledged by the ALJ, R. at 3-4; apparently, between the time of the hearing and the time of the written opinion, the point was lost. The Commissioner agrees that this non-expert opinion was not entitled to any weight,

but that the ALJ's error was harmless. Commissioner's Brief at 16. The Court disagrees.

In Dewey v. Astrue, the Eighth Circuit reversed similar case in which the ALJ relied on a non-expert opinion, holding that it is legal error to weigh the opinion of a lay person under the rules appropriate for weighing medical opinions. 509 F.3d 447, 449 (8th Cir. 2007).[1] The Commissioner argues the error in this case is harmless because, unlike in Dewey, there was not a more restrictive opinion from Plaintiff's treating physician. Id. at 449-50. This is an accurate distinction, but it does not render the error harmless because it raises additional fatal issues. An RFC must be based on medical evidence, e.g., Lauer v. Apfel, 245 F.3d 700, 703-04 (8th Cir. 2001), and there is no basis for concluding the ALJ would have found the exact same RFC on this Record after ignoring the state agency's RFC (which is what should have happened). The case might be different if the non-expert's opinion was the same as a doctor's opinion, but the facts do not support such a conclusion.

The Court is concerned that the issue seems to have been evident at the time of the hearing. It may seem inappropriate to allow Plaintiff's counsel to identify a problem yet do nothing to resolve it (by, for instance, obtaining an RFC from Plaintiff's treating physician), then wait until after an unfavorable decision to bring the issue fully into the open. The undersigned has observed that claimants are prone to emphasize the Commissioner's obligation to fully develop the Record when a decision cannot be made because the evidence is inadequate, vague, or ambiguous, e.g., Jones v. Astrue, 619 F.3d 963, 969 (8th Cir. 2010), yet claimants downplay their own burden to prove their entitlement to benefits. E.g., Coleman v. Astrue, 498 F.3d 767, 771 (8th Cir. 2007). Nonetheless, the outcome is required because of the nature of judicial review of an administrative proceeding. Counsel's (in)actions may be appropriately considered if and

---

[1]Dewey indicates the issue may have arisen because of "the Missouri state agency's use of an outdated form that called for a medical consultant's signature, despite the state's use of modified, experimental procedures that do not require a medical consultant to sign the disability determination forms." 509 F.3d at 449. Given that a non-expert's opinion is of little (if any) value, and given the confusion engendered (and its source), perhaps the experiment's success should be evaluated.

when a request for attorney fees is filed, particularly if Plaintiff is represented by the same lawyer or firm that represented her in the administrative proceedings.

The only appropriate course is to effectively start from the beginning. The Commissioner's final decision is reversed, and the case is remanded for reconsideration. On remand, the Commissioner shall permit the Record to be augmented with the inclusion of any additional medical evidence Plaintiff wishes to submit. The Commissioner is also authorized to arrange for whatever additional examinations are deemed appropriate. The Commissioner shall also re-evaluate Plaintiff's claim, starting at the first step of the five-step sequential process. The Court is confident that if it becomes necessary to formulate Plaintiff's RFC, the Commissioner shall do so based on medical evidence.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: July 8, 2011              UNITED STATES DISTRICT COURT